UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEJANDRO JIMINEZ,

                                                Civil No: 1:17-cv-2844-LTS-JLC

                Plaintiff,        **AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

    -against-

                                          **DEMAND FOR JURY TRIAL**

CREDIT ONE BANK, N.A., NCO FINANCIAL
SYSTEMS, INC. and ALORICA, INC.,

                Defendants.
------------------------------------------------------------X

Plaintiffs ALEJANDRO JIMINEZ ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Amended Complaint against the Defendants CREDIT ONE BANK, N.A., NCO FINANCIAL SYSTEMS, INC. and ALORICA, INC. (hereinafter collectively referred to as "Defendants"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff received hundreds of harassing and unwanted calls to his cellular phone, all in an attempt to collect a debt from an unknown third party. Plaintiff now brings this action seeking damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The Plaintiff previously named Credit One Bank, N.A. as the Defendant in this action, as the incessant callers would always identify themselves as calling from Credit One Bank. In discovery, Plaintiff has learned that Credit One Bank

contracted with NCO Financial Systems, Inc. ("NCO") to actually make these calls. Since that time, NCO has apparently been acquired by Alorica, Inc. who, upon information and belief, also made calls to the Plaintiff on Credit One Bank's behalf, and pursuant to Credit One's contract with NCO. Plaintiff now amends his Complaint to name these entities, who contracted to place, and in fact placed, the actual unwanted calls to his cellular phone.

3. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a

distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

5. Plaintiff is a natural person who resides in the County of New York (Manhattan), State of New York.

6. Defendant Credit One Bank, N.A. is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

7. Defendant NCO Financial Systems, Inc. is a collection agency incorporated in the State of Pennsylvania, with its principal place of business located at 50 Prudential Rd, Horsham PA 19044.

8. Defendant Alorica, Inc. is incorporated in the State of Delaware, with its principal place of business located at 5 Park Plaza, Suite 1100, Irvine, CA 92614.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

12. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years

by calling the Plaintiff's cellular telephone phone number of (347) 942-7929 on hundreds of occasions.

13. Plaintiff is the customary and sole user of the cellular phone number (347) 942-7929.

14. The Defendant called from numerous phone numbers, including but not limited to (551)267-7307, (201)616-7162 and (917)720-5836.

15. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and being connected with an automated answering stating "Thank you for calling Credit One Bank."

16. Defendant specifically used an automated telephone dialing system to call the Plaintiff on his cell phone six times on February 5, 2017 alone, amongst numerous other dates.

17. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

18. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system or prerecorded voice.

19. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

20. The Plaintiff specifically advised the Defendant that they were calling the wrong

party, that he had no account with Credit One Bank, and that the Defendant should cease calling him.

21. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

22. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

23. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

24. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA By Defendant Credit One Bank, N.A.)*

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. As alleged above, Defendant Credit One Bank, N.A. placed numerous calls and prerecorded messages to the Plaintiff's cellular phone number throughout the past four years.

28. Upon information and belief, Credit One Bank, N.A. also hired outside vendors, including Defendants NCO Financial Systems, Inc. and Alorica, Inc. to place calls, on Credit One Bank's behalf and at Credit One Bank's behest, to the Plaintiff's cellular phone number of (347) 942-7929.

29. Upon information and belief, Credit One Bank, N.A. knew that NCO Financial Systems, Inc. and Alorica, Inc. were utilizing prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, in contacting the Plaintiff's cellular phone, even before it directed that calls be placed to the Plaintiff's cellular phone.

30. Upon information and belief, Credit One Bank, N.A. in fact directed NCO Financial Systems, Inc. and Alorica, Inc. to use prerecorded voice messages, as well as automated and predictive dialers that are encompassed within the scope of the TCPA, to contact the Plaintiff's cellular phone.

31. Defendant Credit One Bank is vicariously and directly liable for the calls made to the Plaintiff's cellular phone on Credit One Bank's behalf by NCO Financial Systems, Inc. and Alorica, Inc.

32. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47

USC §227(b)(A)(iii), as the Defendant lacked any prior express consent of the Plaintiff to receive such automated and pre-recorded voice messages on his cellular phone.

33. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

35. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## SECOND CAUSE OF ACTION
*(Violations of the TCPA By Defendant NCO Financial Systems, Inc.)*

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant Credit One Bank contracted with NCO Financial Systems, Inc. ("NCO") to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (347) 942-7929.

38. Pursuant to its contract with Credit One Bank, Defendant NCO Financial Systems, Inc. began its campaign of communicating with the Plaintiff directly or via its subcontractor, using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number

of (347) 942-7929 numerous times.

39. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

40. NCO specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (347) 942-7929 <u>eight</u> times a day on February 13, 2017 and February 15, 2017, amongst numerous other dates.

41. NCO called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

42. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

43. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant NCO is liable to Plaintiff for any such calls it placed to Plaintiff.

44. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

45. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347) 942-7929.

46. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

47. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

48. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## THIRD CAUSE OF ACTION
*(Violations of the TCPA By Defendant Alorica, Inc.)*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. Defendant Credit One Bank contracted with NCO Financial Systems, Inc. (hereinafter "NCO") to place numerous calls and prerecorded messages to the Plaintiff's cellular phone number of (347) 942-7929.

51. NCO was subsequently acquired by Alorica, Inc.

52. Pursuant to NCO's contract with Credit One Bank, Defendant Alorica, Inc. began its campaign of communicating with the Plaintiff directly or via its subcontractor,

using an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cell phone number of (347) 942-7929 numerous times.

53. Defendants' use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.

54. Alorica specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone number of (347) 942-7929 _eight_ times a day on February 13, 2017 and February 15, 2017, amongst numerous other dates.

55. Alorica called from numerous phone numbers, masquerading and identifying itself as Credit One Bank.

56. The Plaintiff never gave any of the Defendants his prior, express permission to call his cell phone via the use of an automated telephone dialing system.

57. As the party responsible for actually dialing and placing a large number of the automated calls and pre-recorded voice messages placed to the Plaintiff in violation of the TCPA, Defendant Alorica is liable to Plaintiff for any such calls it placed to Plaintiff.

58. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any

telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

59. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew or should have known that it was calling the wrong phone number when it placed calls to the Plaintiff's cellular phone number of (347) 942-7929.

60. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

61. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

62. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

63. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant

to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

      B.     Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

      C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: October 31, 2017

Respectfully submitted,

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff