UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALEJANDRO JIMINEZ,

       Plaintiff,

  -v-                                                      No. 17 CV 2844-LTS-JLC

CREDIT ONE BANK, N.A., NCO
FINANCIAL SYSTEMS, INC., and
ALORICA, INC.,

       Defendants.

-------------------------------------------------------x

ORDER

        Plaintiff Alejandro Jiminez brings this action against Credit One Bank, N.A., NCO Financial Systems, Inc., and Alorica, Inc. (together, "Defendants"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1] On March 28, 2019, the Court granted Plaintiff's motion for summary judgment with respect to the issue of TCPA liability and directed the parties to identify any contested factual issues relevant to the determination of damages. (Docket entry no. 105., "March Opinion.") The Court assumes the parties' familiarity with the background of this case, which is laid out in detail in the March Opinion. (Id. at 2-5.)

        On September 25, 2019, the Court denied Defendants' motion for modification and clarification of the March Opinion, and reaffirmed its prior findings of undisputed fact that "[b]etween January 2017 and March 27, 2017, EGS placed 380 calls to the Subject Number," that "[d]uring the time when the calls regarding the delinquent Credit One account were made,

---

[1]     Defendant NCO became EGS in 2015, and EGS was acquired by Defendant Alorica on June 30, 2016.

Plaintiff was the holder of a cell phone account connected to the Subject Number," that "Plaintiff never had any relationship with Credit One," and the Court's legal conclusion that all calls to the Subject Number were made using an automatic telephone dialing system within the meaning of the TCPA.[2] (Docket entry no. 142, "September Order," at 5-6.) The September Order concluded that there remained no disputed facts relevant to TCPA liability. (Id. at 6.) The September Order also found that because the TCPA permits an aggrieved plaintiff to recover a statutorily fixed amount of $500 per violation, see 47 U.S.C. § 227(b)(3), the Court intended to enter judgment in Plaintiff's favor in the total amount of $190,000 ($500 for each of the 380 calls placed to the Subject Number). (September Order at 6.) Accordingly, the Court directed Defendants to show cause why judgment should not be entered against them, jointly and severally, in the amount of $190,000. Id. The Court has considered carefully all of the parties' submissions in connection with the September Order and, for the reasons stated below, the Court hereby directs the Clerk of Court to enter judgment in favor of Plaintiff in the total amount of $190,000.

DISCUSSION

The TCPA provides, in relevant part, that "[i]t shall be unlawful for any person . . . (A) to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service[.]" See 47 U.S.C.S. § 227(b)(1)(A)(iii) (Lexis Nexis 2010 & Supp. 2019). "[T]o successfully prosecute a [TCPA] violation, a plaintiff must demonstrate that a defendant called or initiated a call to a number assigned to a cellular telephone service . . . ."

---

[2] All references to the "Subject Number" in this Memorandum Order relate to the telephone number ending in 7929 that is described in the March Opinion. (See March Opinion at 2.)

M.A. by Ashear v. NRA Grp., LLC, No. 17-CV-7483 (NG)(RLM), 2019 WL 2357767, at *2 (E.D.N.Y. June 4, 2019); see also, Castro v. Green Tree Servicing LLC, 959 F. Supp. 2d 698, 720 (S.D.N.Y. 2013) ("[T]he TCPA clearly restricts the making of any call using an automatic telephone dialing system to a cellular phone[.]") (emphasis in original).

On this record, the evidence demonstrates that between January 2017 and March 27, 2017, the Subject Number was assigned to the Plaintiff and that, during that period, the Defendants made 380 calls to the Subject Number in violation of the TCPA. Defendants argue that the number of calls upon which the statutory damage award is computed should be reduced by the 43 phone calls that allegedly did not reach a working phone number, presumably because the Plaintiff sometimes forgot to make payments, resulting in disconnection of his phone. (See Docket entry no. 144, at 2.) Defendants reason that "this [reduction] makes sense" because, "[w]hen a call goes to a non-working phone number, no one suffers an invasion of a legally protected interest that is concrete and particularized." Id. (internal quotation marks omitted). However, it is the making of the call, not its receipt, that is the predicate for statutory damages liability under the TCPA. Furthermore, Defendants' presumption has no basis in the record. As Plaintiff points out, on each of four different days, Defendants' call logs inconsistently show the results of separate calls placed as either "No Answer" or "Invalid Phone Number." (See Docket entry no. 146 at 4-5.) These records do not demonstrate that Plaintiff's cell phone was disconnected on any identifiable days such that Plaintiff did not suffer an invasion of a legally protected interest. None indicates that the number was not assigned to him during the relevant period. Accordingly, Plaintiff has demonstrated that he is entitled to recover the total amount of $190,000 ($500 for each of the 380 calls placed to the Subject Number).

## CONCLUSION

For the reasons set forth above, the Court respectfully requests the Clerk of Court to enter judgment for the Plaintiff, against the Defendants, jointly and severally, in the amount of $190,000.

SO ORDERED.

Dated: New York, New York
November 22, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge